Karpuzi v. Lynch

BIA
Morace, IJ
A078 735 545

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT:
> REENA RAGGI,
> GERARD E.LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

BURIM KARPUZI,
> *Petitioner,*

v.                                          14-4669
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Michael P. DiRaimondo, Melville,
                           New York.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Melissa
                           Neiman-Kelting, Senior Litigation
                           Counsel; Anthony J. Messuri, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Burim Karpuzi, a native of the former Yugoslavia and a citizen of Macedonia, seeks review of a November 19, 2014, decision of the BIA, affirming a June 11, 2012, decision of an Immigration Judge ("IJ") denying Karpuzi's motion to reopen. *In re Burim Karpuzi,* No. A078 735 545 (B.I.A. Nov. 19, 2014), *aff'g* No. A078 735 545 (Immig. Ct. N.Y. City June 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The only issue before us is whether the agency abused its discretion in denying Karpuzi's motion to reopen to present new evidence.  We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  *See Jian Hui Shao*

*v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Karpuzi's motion to reopen was untimely filed more than ten years after the IJ's removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). However, the time limitation for filing a motion to reopen does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i).

The agency reasonably concluded that Dr. Bernd Fischer's declaration did not demonstrate a material change in Macedonia for ethnic Albanians such as Karpuzi. The declaration discusses the continuation of a volatile situation for ethnic Albanians, which began prior to Karpuzi's 2001 removal proceedings. Accordingly, because the agency reasonably found that Karpuzi did not demonstrate material changed country conditions in Macedonia, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C.

3

§ 1229a(c)(7)(C); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253, 257 (B.I.A. 2007).

For the foregoing reasons, the petition for review is DENIED.  The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk